530

YOUNG BROTHERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1026.   Promulgated February 6, 1928.

*Robert D. Charlton, Esq., John E. Gorsuch, Esq.,* and *James F. Splain, Esq.,* for the petitioner.

*M. N. Fisher, Esq.,* for the respondent.

OPINION.

SIEFKIN: The question involved in this case is whether deductions from income for 1917 should be allowed for two bad debts, a debt of the Williams Luman Mining Co. in the amount of $64,413.72 and a debt of Edward Adams in the amount of $3,100.

The evidence discloses that due to numerous pressing duties outside of the office the bookkeeper of the petitioner could devote only a minimum of his time and attention to bookkeeping in the period from 1916 to 1920. In 1920 there was charged off to profit and loss the amount of $40,000 out of the total indebtedness of the Williams Luman Mining Co., and $3,100, the entire amount of the debt owing from Edward Adams.

The evidence shows that petitioner endorsed notes of the Williams Luman Mining Co. and these notes were discounted at the bank. The venture of the mining company being unsuccessful, it became necessary some time between 1908 and 1914 for petitioner to take up these notes, and the mining company gave additional notes to petitioner, capital stock being deposited as collateral security. Efforts were made thereafter until the latter part of 1917 to operate the mining property, but they were unsuccessful and no further efforts were made thereafter. The ledger of the petitioner showed that the Williams Luman Mining Co. was indebted to petitioner on December 31, 1916, in the amount of $64,413.72. Petitioner considered the debt entirely bad and suit was never brought to recover the amount.

Loans totaling $3,100 over a period from 1908 to 1912 were made to Edward Adams, who went to Alaska. He was last heard of in 1917 and his whereabouts thereafter were unknown. He left behind him no assets whatever.

The Revenue Act of 1917, section 206, states that:

There shall be allowed (a) in the case of a domestic partnership the same deductions as allowed to individuals in subdivision (a) of section 5 of such Act of September eighth, nineteen hundred and sixteen, as amended by this Act.

Section 5 of the Revenue Act of 1916 holds:

That in computing net income in the case of a citizen or resident of the United States—

(a) For the purpose of the tax there shall be allowed as deductions—

\*          \*          \*          \*          \*          \*          \*

Sixth. Debts due to the taxpayer actually ascertained to be worthless and charged off within the year.

We held in *A. W. Blackie et al.*, 2 B. T. A. 747, that debts ascertained to be worthless were charged off as required, when actually charged off after the close of the year before the books of account were closed for the year in which the debts were ascertained to be worthless.

But in *Ed C. Lasater et al.*, 1 B. T. A. 956, we held that the charging off of bad debts should, in the case of a taxpayer keeping regular books of account, be evidenced by such book entries as would effectually eliminate the amount of the bad debt fom the book assets of the taxpayer, and that these entries should be made prior to the closing of the accounts for the taxable period. In a number of cases we have held that bad debts charged off after the close of the year may not be deducted, nor may they be deducted unless it is clearly shown that they were ascertained to be worthless and charged off within the taxable year. *Donalsonville Oil Mill*, 1 B. T. A. 167; *Tiller-Glenn Co.*, 4 B. T. A. 1051.

In the case of *Avery* v. *Commissioner of Internal Revenue*, 22 Fed. (2d) 6, it was said:

The reasonable interpretation of the law is that, in order to secure a deduction of worthless debts they must be charged off in the year they are ascertained to be worthless. A man is presumed to know what a reasonable person ought to know from facts brought to his attention. A taxpayer should not be permitted to close his eyes to the obvious, and to carry accounts on his books as good when, in fact, they are worthless, and then deduct them in a year subsequent to the one in which he must be presumed to have ascertained their worthlessness. To do so would enable him to withhold deductions in his less prosperous years, when they would have little effect in reducing his taxes, and then to apply the accumulation at another time to the detriment of the fisc. This would defeat the intent and purpose of the law.

Under the Revenue Acts of 1916 and 1917, the deduction of a part of a debt is not allowable.

In this proceeding it is shown that in 1920, $40,000 of the total debt of $64,413.72, owing from the Williams Luman Mining Co., and the whole amount of the Edward Adams debt were charged off as of 1920. This would seem to indicate that at that time the Williams Luman Mining Co. debt had not been ascertained to be wholly bad. It was not until 1923 that the entire amount of the debts was charged off as of 1917.

The facts do not convince us either that these debts were actually ascertained to be worthless by the taxpayer within the taxable year, or that they were charged off within such year, and we must conclude that the requirements of the law have not been satisfied and that the deductions are not allowable.

*Judgment will be entered for the respondent.*